UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **STEPHEN TRESSITT** | **CASE NO.  6:24-CV-00750** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **CURTIS & SON VACUUM SERVICE INC ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before this Court is Plaintiff Stephen Tressitt's MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.  (Rec. Doc 40).  This motion came before the undersigned for hearing with oral argument on September 3, 2025.  (Rec. Docs. 48, 52).  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that Plaintiff's instant motion be DENIED.

### Background

Plaintiff's suit arises out of a September 20, 2023 vehicle collision in which Plaintiff was rear ended by a 2011 Kenworth C500 owned by defendant Curtis & Son Vacuum Service, Inc. ("Curtis & Son") and driven by Tyler Baudoin ("Baudoin").  (Rec. Doc. 12 at ¶ IV). Plaintiff filed suit on April 19, 2024 in the 15th Judicial District Court, Lafayette Parish, Louisiana, asserting claims for property damage and personal injury, and naming as defendants Curtis & Sons, Baudoin, and Manufacturer's Alliance Insurance Company ("Manufacturer's Alliance") as Curtis & Sons' primary insurer. (Rec. Doc. 1-2).  Defendants removed the suit to this Court, invoking the Court's subject matter jurisdiction based on diversity under 28 U.S.C. § 1332. (Rec. Doc. 1).  On July 30, 2024, Plaintiff sought and was granted leave to file his First Supplemental and Amended Complaint, wherein Plaintiff

added defendant General Security Indemnity Company of Arizona ("General Security"), Curtis & Son's excess liability insurer. (Rec. Doc. 12). Answers were filed by all named defendants. (Rec. Docs. 15, 18). The parties filed their required joint Rule 26(f) report on December 6, 2024. (Rec. Doc. 23). On February 14, 2025, Plaintiff voluntarily dismissed all claims against Baudoin, Curtis & Son, and Manufacturer's Alliance pursuant to a *Gasquet* release, reserving all claims against General Security. (Rec. Doc. 42-1). Plaintiff was deposed on March 13, 2025. (Rec. Doc. 42-3).

This matter is set for trial on January 26, 2026. (Rec. Doc. 26). Pursuant to the Court's Scheduling Order, the deadline for the joinder of parties and amendment of pleadings expired on June 11, 2025. (Rec. Doc. 27). As a result of a settlement reached with Curtis & Son, Baudoin, and Manufacturer's Alliance, General Security is the sole remaining defendant in this case.[1] (Rec. Doc. 42). General Security opposes Plaintiff's proposed amendment, in which Plaintiff seeks to add his wife, Amy Tressitt, as a party plaintiff asserting a claim for loss of consortium arising from the September 20, 2023 accident forming the basis of Plaintiff's suit. (*Id.*).

**Applicable Standards**

The amendment of pleadings in federal district court is governed by Rule 15 of the Federal Rules of Civil Procedure. As a baseline, Rule 15(a) divides amendments into those which may be filed "as a matter of course," or without leave of court and those which may only be filed with the written consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(1), (2). Where an amendment is not filed within 21 days of service of the pleading, or, where the pleading is one to which a responsive pleading is required, within 21

---

[1] Pursuant to the *Gasquet* agreement, Baudoin, Curtis & Son, and Manufacturer's Alliance remain in the suit in nominal capacities only. (Rec. Doc. 42-1 at p.

2

days of service of a responsive pleading, such amendment falls into the class requiring the written consent of the opposing party or leave of court. *Id.* Where leave to amend is sought after the expiration of the deadline for joinder of parties and amendment of pleadings set forth in the court's scheduling order, such amendment is governed instead by Rule 16, which permits the modification of the court's scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Rule 15(c) governs the relation back of amendments to pleadings. Rule 15(c)(1) permits the amendment to the pleading to relate back to the date of filing of the original pleading when "the law that provides the applicable statute of limitations allows relation back." Relevant here, Louisiana law permits relation back "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." LA. CODE CIV. P. ANN. art. 1153. Interpreting this rule, Louisiana courts apply relation back where:

> (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.

*Warren v. La. Med. Mut. Ins. Co.*, 21 So. 3d 186, 189 (La. 2008) (quoting *Giroir v. South La. Med. Ctr., Div. of Hospitals*, 475 So.2d 1040, 1044 (La. 1985).

Under Rule 15(a)(2), leave to amend after the expiration of the right to amend as a matter of course should be freely given "when justice so requires." Although denial of leave to amend is reviewed at the appellate level for abuse of discretion, a court's discretion is "not broad enough to permit denial" of leave to amend without a "substantial reason." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999);

3

*Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). Courts reviewing requests for leave to amend under Rule 15(a)(2) consider factors "such as undue delay, bad faith or dilatory motive…, repeated failure to cure deficiencies, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (internal citations omitted).

Where the claims of a proposed amendment will not relate back to the filing of the original complaint under Rule 15(c) and are, therefore, prescribed under applicable state law, amendment is "futile" under Rule 15(a)(2). *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

## Analysis

Plaintiff seeks leave to file a Second Amended Complaint to add a state law claim for loss of consortium by his wife. (Rec. Doc. 40). Plaintiff's motion for leave was filed on June 2, 2025, saving it from the more stringent standard applicable to such a motion filed after the deadline for amendment of pleadings included in a court's scheduling order has lapsed. Fed. R. Civ. P. 16(b)(4).

General Security opposes Plaintiff's motion, arguing that it should be denied based on undue delay and futility based on application of the *Giroir* factors. The parties seem to agree that the first and third *Giroir* factors are met. This Court agrees that the proposed loss of consortium claim arises from the September 2023 accident which forms the basis of Plaintiff's claims. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198 (5th Cir. 1991) (a loss of consortium claim is a separate cause of action from the injured party's tort claim, although both claims arise from the same incident) (citing *Poirier v. Browning Ferris Indus.*, 517 So. 2d 998, 999 (La. App. 3 Cir. 1987)). Similarly, this Court agrees that the proposed new party

4

plaintiff is closely related to the existing party plaintiff. Accordingly, analysis of this issue will focus on *Giroir*'s second and fourth factors.

### A.     Factor Two:  Knew or Should Have Known of the Existence and Involvement of the New Plaintiff

Plaintiff asserts that General Security knew or should have known that Amy Tressitt would be a party to this suit because of Plaintiff's allegation, included in his Original and First Supplemental and Amended Complaint, that he sustained damages as a result of, *inter alia*, "[p]ast, present and future Loss of Consortium with his wife Amy Tressitt." (*See*, Rec. Doc. 12 at ¶ X(H)). General Security argues that, despite this language, Plaintiff's conduct essentially lulled it into the false belief that Amy Tressitt would not be joined as a party. Specifically, General Security points to these actions by Plaintiff:

- Plaintiff's failure to disclose the existence of Amy Tressitt's claim in his answers to discovery, returned on or about July 10, 2025. (Rec. Doc. 42-2).

- Plaintiff's failure to include Amy Tressitt and her claim in his first amendment, which was filed on July 31, 2024. (Rec. Doc. 12).

- The lack of reference to any prospective claims by Amy Tressitt in the *Gasquet* release executed in this matter on December 6, 2024. (Rec. Doc. 42-1).

- Plaintiff's failure to disclose the possibility of an amendment to add Amy Tressitt's claim in the parties' joint Rule 26(f) report, filed on December 6, 2024. (Rec. Doc. 23).

- Plaintiff's failure to mention Amy Tressitt's claim during his March 13, 2025 deposition. (Rec. Doc. 42-3).

Plaintiff alleges that Amy Tressitt's loss of consortium claim arose when his health did not improve post-deposition. (Rec. Doc. 45 at p. 2). Pointing to the April 14, 2025 recommendation of Dr. Waguespack that Plaintiff undergo surgery that would likely result in a lengthy recovery, Plaintiff suggests that this development constituted a change in

5

Plaintiff's prognosis sufficient to give rise to Amy Tressitt's proposed claim. (*Id.*). Plaintiff further argues that his deposition reference to "intimacy issues" caused by his alleged injuries was also notice of the subject claim. (*Id.*).

In *Efthemes v. Amguard Insurance Co.*, in which this Court, speaking through Judge James D. Cain, Jr., was presented with this precise issue. 2020 WL 4043227 (W.D. La. July 18, 2020). In *Efthemes*, the plaintiff sought leave of court to amend in order to add a loss of consortium claim more than a year after the filing of the original petition. Applying the *Giroir* factors, the Court found that defendants had no notice of the existence of the loss of consortium claim until the limitations period had run and the original petition did not contain any allegations from which defendants might have known of the potential claim. *Id.* at * 3. The Court noted that Louisiana courts have nevertheless permitted amendment back of these claims where defendants had some indicia of the claim, even when no direct notice was shown in the record. *Id.* After finding that the notice factor was unmet under the facts of the case, Judge Cain added that "a defendant is not required 'to remain alert indefinitely to the possibility that a plaintiff might have a spouse or children, or both, who might at some future date bring a claim[,]" providing additional support for its dismissal of the purported spousal loss of consortium claim. *Id.* at *4 (quoting *Phillips v. Palumbo*, 648 So.2d 40, 42 (La. App. 4 Cir. 1994) (internal citations omitted).

Turning to the instant case, the record discloses that Plaintiff's proposed amendment arrives more than one year after the filing of the original state court petition. (Rec. Doc. 1-2). Plaintiff sought amendment on June 2, 2025. (Rec. Doc. 40). The accident giving rise to Plaintiff's claims occurred on September 20, 2023. (Rec. Doc. 1-2). Thus, at the time amendment was sought, Amy Tressitt's claim was prescribed under Louisiana's one-year

6

liberative prescriptive period under former LA. CIV. CODE ANN. art. 3492.[2] *Musgrove v. Glenwood Reg. Med. Ctr.*, 855 So.2d 984 (La. App. 2 Cir. 2003).

This Court rejects Plaintiff's contention that Dr. Waguespack's April 2025 surgical recommendation gave rise to a loss of consortium claim that had not existed to that point. Plaintiff's original state court Petition and First Amended Complaint referenced his own loss of consortium, and his deposition testimony included his belief that his injuries were the cause of intimacy issues with his wife. (Rec. Doc. 42-3 at p. 8). Each of these references occurred prior to Dr. Waguespack's surgical recommendation. Under Louisiana law, "[a] cause of action for loss of consortium arises when the claimant suffers the actual loss of consortium, service and society." *Faraldo v. Hanover*, 600 So. 2d 81, 83 (La. App. 4 Cir. 1992) (citing *Coates v. Owens-Corning Fiberglass Corp.*, 444 So. 2d 788 (La. App. 4 Cir. 1984)). Plaintiff's stated claims and, particularly, his deposition testimony, indicate that Amy Tressitt's loss of consortium claim did not suddenly accrue with Dr. Waguespack's surgical recommendation. For this reason, this Court does not find Plaintiff's assertion that changes in his prognosis post-deposition were the genesis of Amy Tressitt's proposed loss of consortium claim to be supported by evidence.

Moreover, this Court agrees that, taken together, Plaintiff's conduct throughout this litigation was a reasonable basis upon which General Security could conclude that Amy Tressitt would not assert her own claims in this suit, especially in light of the lapsing of the prescriptive period as to such claim approximately nine months prior to the filing of the instant motion. For these reasons, this Court finds that the second *Giroir* factor weighs

---

[2]     By Act No. 423 (H.B. No. 315), effective July 1, 2024, Louisiana's one-year liberative prescriptive period for delictual actions was repealed and replaced with a two-year liberative prescriptive period. Since the alleged harms in this case occurred prior to this change in the law, prior Civil Code art. 3492 remains applicable.

against relation back of Amy Tressitt's proposed claim under Rule 15(a)(2) and (c) and Louisiana law.

### B.     Factor Four:  Prejudice to the Defendant

Plaintiff contends that General Security fails to show that the proposed amendment would result in prejudice in this matter.  (Rec. Doc. 40 at p. 6; Rec. Doc. 45 at pp. 7–8). Plaintiff cites *Picone v. Lyons*, 601 So. 2d 1375, 1276–77 (La. 1992) as authority rejecting the premise that the passage of time alone can constitute prejudice under *Giroir*.

The trial of this matter is set for January 26, 2026.  (Rec. Doc. 27).  The discovery deadline, already extended upon the joint motion of the parties, lapsed on September 11, 2025.  (Rec. Doc. 35).  As a separate claim, Amy Tressitt's loss of consortium claim should reasonably be expected to require pretrial discovery, such that amendment will necessarily require that discovery be reopened.  Indeed, counsel for General Security confirmed at the September 3 hearing that, if amendment is permitted, it would want to depose Amy Tressitt concerning her claim.  Under the scheduling order now in place in this matter, the undersigned observes that reopening discovery will likely necessitate a continuance of the trial date.  As recently observed by the Court in *Smith v. China Manufacturers Alliance, LLC*, the delay in trial likely to result from continuance is not insignificant, considering the Court's existing docket.  2025 WL 1779407 at  *4 (W.D. La. June 11, 2025) (noting that the length of the trial as set and the availability of the Court to reset the matter in a short timeframe were limited).  Although the instant case is not projected to be lengthy, the undersigned finds that the Court's docket would likely not allow for a quick resetting of this trial dates and, thus, agrees that a continuance of trial is properly considered undue prejudice in this matter.

Additionally, Plaintiff's motion to amend was filed after Plaintiff reached settlement with the alleged tortfeasor, his employer, and the primary insurer.  (Rec. Doc. 42-1).  The addition of Amy Tressitt and her loss of consortium claim would therefore result in General

8

Security, the excess insurer, facing a different suit than that settled by the insureds and the primary insurer. Although the *Gasquet* release permits Plaintiff to obtain a judgment against Baudoin and Curtis & Sons, this Court attributes at least some prejudice to the timing of Plaintiff's proposed amendment after the *Gasquet* release.

Based on the foregoing, this Court finds that General Security has demonstrated that Plaintiff's proposed amendment will result in actual prejudice, independent of any intrinsic prejudice attributable to the length of Plaintiff's delay in seeking relief. Accordingly, this Court finds that *Giroir*'s fourth factor also weighs against relation back of Amy Tressitt's proposed claim under Rule 15(a)(2) and (c) and applicable Louisiana law.

Having determined that Amy Tressitt's proposed loss of consortium claim would not relate back to the original state court Petition in this case, this Court further finds that amendment should be denied as futile based on the prescription of the proposed claim under former LA. CIV. CODE ANN. art. 3492 and will so recommend.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff Stephen Tressitt's MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Rec. Doc.40) be DENIED based on a finding of futility.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar

an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, in Lafayette, Louisiana on this 17th day of September, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**